UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MANUEL E. RIVAS,

    Plaintiff,

v.

ALLIED INTERSTATE, LLC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, MANUEL E. RIVAS, is a natural person, and citizen of the State of Florida, residing in Dade County, Florida.

4.	Defendant, ALLIED INTERSTATE, LLC., is a limited liability company with all of its members being citizens of the State of New York and with its principal place of business at Suite 300, 12755 Highway 55, Plymouth, Minnesota 55411. It was formerly known as Allied Interstate, Inc.

5.	Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.	Defendant regularly collects or attempts to collect debts for other parties.

7.	Defendant is a "debt collector" as defined in the FDCPA.

8.	Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.	Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.	Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

> April 29, 2010
> Hello, we are calling from Allied Interstate with regards to a debt and any information obtained may be used for that purpose. Please return our call to 1-866-396-7770 and a representative will assist you. Our hours of operation are Monday through Thursday from 8 AM to 9 PM, Friday from 8 AM to 5 PM and Saturday from 8 AM to Noon. Thank you.
>
> May 3, 2010

2

> Hello, we are calling from Allied Interstate with regards to a debt and any information obtained may be used for that purpose. Please return our call to 1-866-396-7770 and a representative will assist you. Our hours of operation are Monday through Thursday from 8 AM to 9 PM, Friday from 8 AM to 5 PM and Saturday from 8 AM to Noon. Thank you.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Because Defendant's messages fail to identify the intended recipient, it is impossible to determine if the message is intended for Plaintiff or some other party and consequently the messages fail to state the purpose of the calls.

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Because Defendant's messages fail to identify the intended recipient, it is impossible to determine if the message is intended for Plaintiff or some other

party and consequently the messages fail to state the purpose of the calls in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT II
### TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

19.    Plaintiff incorporates Paragraphs 1 through 16.

20.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d. See Order Denying Defendants' Motion to Dismiss Count IV (DE 19), *Clarke, Kerryjoe N. v Weltman, Weinberg & Reis, Co., et al.,* Case No.: 10-60600-Civ-Cohn/Seltzer (S.D. Fla July 15, 2010), (holding that the same conduct can separately support a violation of both the FDCPA and TCPA).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

21.    Plaintiff incorporates Paragraphs 1 through 16.

22.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                                DONALD A. YARBROUGH, ESQ.

        Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658